James Burden, et al., *v.* James B. Throckmorton.

**Partition.**
> Where the owner of three-fourths interest in a tract of four hundred twenty-six acres of ground sells his interest, and instead of conveying his undivided interest, conveys a stated number of acres which was assumed to be his whole interest, his purchaser will not be disturbed in the land he received provided it is found in a partition proceeding that the remaining one-fourth interest in value can be carved out of the tract not conveyed to such purchaser.

APPEAL FROM ROBERTSON CIRCUIT COURT.

January 13, 1875.

OPINION BY JUDGE PRYOR:

There is nothing in the record showing that Mordecai Throck-
morton was ever divested of title to his interest in the tract of land
claimed by appellants. He may have received more of his father's
estate than the other children, but there has been no settlement of
the estate or any proof exhibited showing its character or value.
The death of one of the children left the land in controversy to be
divided between the four surviving children, Mordecai being one of
them. At the time he sold to Burden he was the owner of one-
fourth of the whole tract of land, that contained in all four hundred
twenty-six acres, and shortly after the sale acquired by purchase
the interest of two of his brothers, by which he became the absolute
owner of three-fourths of the whole tract. This title to three-fourths
of the land Mordecai obtained prior to the conveyance made to the
other appellants. The conveyance to Burden defined the boundary
of his purchase, leaving three hundred twenty-six acres of land
out of which to allot to appellee his one-fourth interest. There was
then no reason for disturbing the sale of the land to Burden, or in
requiring him to account for rents, unless the one hundred acres
conveyed to him was worth greatly more (not including the value
of the improvements placed upon the land by him) than the remain-
ing portion of the tract.

The chancellor, under the circumstances, ought not to disturb Bur-
den's purchase unless it is made to appear that an equal division of
the land cannot be made without it, and as one-fourth of the whole
tract is only to be allotted, Mordecai having owned the other three-
fourths, we see no reason for depriving Burden of any part of his
purchase. As to the other appellants, they must abide the loss, if
any. There was never any adverse holding on the part of their ven-
dor.

The judgment below is therefore *affirmed* as to all the appellants
but James Burden; and as to him the judgment is *reversed* and cause
remanded, with directions to allot to the appellee his interest out of
the three hundred twenty-six acres, if by so doing he can obtain his
one-fourth in value of the land. The appellee is entitled to his costs

against the appellants, except Burden, and he has his judgment for costs against appellee.

*J. A. Buckler, J. & J. W. Rodman, for appellants.*
*B. G. Willis, for appellee.*